IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| HELLINA JACKSON, | * | |
| *Plaintiff*, | * | Civil Action No.: 2022-CAB-005320<br>Hon. Robert R. Rigsby |
| v. | * | Next Event:   Initial Scheduling Conference<br>February 17, 2023 |
| SAFEWAY, INC., | * | |
| | * | |
| *Defendant*. | | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**DEFENDANT SAFEWAY, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

COMES NOW, Defendant Safeway, Inc. (hereinafter "Defendant" or "Safeway"), by and through its counsel, Justin M. Cuniff, Carlos A. Uria and KIERNAN TREBACH, LLP, and files this Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff Hellina Jackson's (hereinafter "Plaintiff") Complaint.

**ANSWER**

In specific answer to the enumerated paragraphs of the Complaint, Defendant states as follows:

1.  Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, consequently, denies the same and demands strict proof thereof.

2.  Defendant denies the allegation in Paragraph 2 of the Complaint that it was the record title holder of the real property located at 2845 Alabama Avenue, SE, Washington, D.C. 20020, and demands strict proof thereof.  Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of the Complaint provides a legal conclusion as to jurisdiction to which no response is required. To the extent that a response is required, Defendant denies any misrepresentation or misinterpretation of the cited provision of D.C. Code.

4. Paragraph 4 of the Complaint provides a legal conclusion as to jurisdiction to which no response is required. To the extent that a response is required, Defendant denies any misrepresentation or misinterpretation of the cited provision of D.C. Code.

5. Paragraph 5 of the Complaint provides a legal conclusion as to venue to which no response is required. To the extent that a response is required, Defendant denies any misrepresentation or misinterpretation of the District of Columbia statutory provisions governing venue.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, consequently, denies the same and demands strict proof thereof.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint and, consequently, denies the same and demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and, consequently, denies the same and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10, including subparts (a) through (c), of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

Defendant denies any allegation not expressly admitted herein.

## GENERAL DENIAL OF LIABILITY

Defendant generally denies all liability.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant Safeway, Inc. (hereinafter "Defendant" or "Safeway"), by and through its counsel, Justin M. Cuniff, Carlos A. Uria and KIERNAN TREBACH LLP, and pleads the following Affirmative Defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged dangerous condition Plaintiff alleges caused her injuries was open and obvious such that Plaintiff should have been able to avoid it.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Any actual damages or injuries of the Plaintiff were not caused by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Even if Defendant is found negligent, which is expressly denied, such negligence was passive or secondary, and Defendant is not liable to Plaintiff for her alleged damages and injuries, if any, because of the active or primary negligence of third-parties over whom Defendant had no

control, whose negligence was not reasonably foreseeable and whose negligence was the direct and proximate cause of any of Plaintiff injuries or damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are too remote and speculative.

## FOURTEENTH AFFIRMATIVE DEFNESE

Defendant denies the allegations set forth in the Complaint.

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Safeway, Inc., respectfully requests that the Court dismiss Plaintiff's Complaint and award it any further relief that the Court deems appropriate.

Dated: December 16, 2022            Respectfully submitted,

By:   /s/ *Justin M. Cuniff*
Justin M. Cuniff (D.C. Bar #499196)
Carlos A. Uria (D.C. Bar #1033890)
Kiernan Trebach LLP
One Park Place, Suite 425
Annapolis, Maryland, 21401
Telephone:    (443) 263-2800
Facsimile:    (443) 263-2935
Email: jcuniff@kiernantrebach.com
Email: auria@kiernantrebach.com
**Counsel for Defendant Safeway, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2022, a copy of Defendant Safeway, Inc.'s foregoing Answer and Affirmative Defenses was electronically filed and served on:

Keith W. Watters, Esq.
Keith Watters & Associates
1667 K Street NW, Suite 1125
Washington, DC 20006
*Attorney for Plaintiff*

/s/  *Justin M. Cuniff*
Justin M. Cuniff (D.C. Bar #499196)
Carlos A. Uria (D.C. Bar #1033890)
One Park Place, Suite 425
Annapolis, Maryland, 21401
Telephone:	(443) 263-2800
Facsimile:	(443) 263-2935
Email: jcuniff@kiernantrebach.com
Email: auria@kiernantrebach.com
**Counsel for Defendant Safeway, Inc.**